IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

          Plaintiff/Respondent,

Vs.                                No.  03-40112-01-SAC

ARTHUR WILLIAMS, JR.,

          Defendant/Petitioner.

MEMORANDUM AND ORDER

The defendant/petitioner Arthur Williams has filed a "Motion for Modification of an Imposed Term of Imprisonment" (Dk. 51) asking the court to amend his sentence based on former amendments to the United States Sentencing Guidelines and the United States Supreme Court's more recent decision in *United States v. Booker*, 543 U.S. 220(2005).  The government has filed a response opposing the motion.  (Dk. 53).

The defendant pleaded guilty to count one–distribution of cocaine base–in exchange for the government's agreement to dismiss counts two and three.  As set forth in the plea agreement, the defendant agreed:

> that the conduct charged in any dismissed counts of the indictment is to be considered as well as all other uncharged related criminal activity as relevant conduct for purposes of calculating the offense

     level for Count 1, in accordance with United States Sentencing Guidelines (U.S.S.G.) § 1B1.3(a)(2).

(Dk. 23, p. 9).  The presentence report (PSR) recommended a guideline sentencing range of 70 to 87 months based on a total offense level of 25 (base offense level of 26 pursuant to U.S.S.G. § 2D1.1(c)(7) [between 5 and 20 grams of cocaine], a two-level enhancement for a firearm, and a three-level reduction for acceptance of responsibility) and a criminal history category of three.  The court denied the defendant's objections to the PSR (Dk. 28) and sentenced the defendant to 70 months in prison.  The defendant appealed his sentence arguing insufficient evidence for a firearm enhancement and the denial of Sixth Amendment rights under *Booker* analysis.  The Tenth Circuit affirmed the sentence in a published decision, *United States v. Williams*, 431 F.3d 1234 (10th Cir. 2005), *cert. denied*, --- U.S. ----, 126 S. Ct. 1823 (2006).  In relevant part, the Tenth Circuit found no constitutional *Booker* error as the defendant's sentence did not exceed the maximum sentence permitted by the facts admitted by defendant at the change of plea hearing and further found no non-constitutional *Booker* error requiring a remand.  431 F.3d at 1239-40.

     The defendant asks for his sentence to be modified arguing the court may do so pursuant to 18 U.S.C. § 3582(c)(2) and 28 U.S.C. §

994(o). The defendant first contends that Amendment 591 to the Sentencing Guidelines is retroactive and applies to his case. The defendant also maintains the court should resentence him under this statute and apply the holding in *Booker* as to require proof beyond a reasonable doubt of all facts affecting his sentencing range. The defendant's motion is without merit, and the court is without jurisdiction to modify the defendant's sentence.

As its sole authority for the requested relief, the defendant's motion invokes a statute that permits a court to modify a sentence upon motion of the defendant only in the event a "sentencing range . . . has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2). The defendant's motion cites Amendments 591 and 518 to the guidelines, both of which took effect prior to the defendant's sentencing. The timing of these amendments precludes any argument of a subsequent lowering of a sentencing range used in sentencing the defendant. The defendant's motion fails to prove the event triggering a court's authority to modify a sentence, that is, the sentencing range under which the defendant was sentenced has been subsequently lowered by the Sentencing Commission. As for the defendant's alternative

argument that the Supreme Court in *Booker* necessarily lowered his sentencing range, the Supreme Court's decision "does not provide a basis for a sentence reduction under § 3582(c)." *United States v. Price*, 438 F.3d 1005, 1007 (10th Cir.) (footnote and citations omitted), *cert. denied*, --- U.S. ----, 126 S.Ct. 2365 (2006).  Subsection (c)(2) does not apply because any implicit lowering of the applicable sentencing range was not done by the Sentencing Commission.  *Id.*  This court therefore lacks jurisdiction[1] under Section 3582(c)(2) to modify defendant's sentence.

       IT IS THEREFORE ORDERED that defendant's "Motion for Modification of an Imposed Term of Imprisonment" (Dk. 51) pursuant to 18 U.S.C. § 3582(c)(2) is denied.

       Dated this 3rd day of January, 2007, Topeka, Kansas.

       s/ Sam A. Crow
       Sam A. Crow, U.S. District Senior Judge

---

[1] Because district courts are not to recharacterize sua sponte a defendant's post-conviction petition or motion as a § 2255 motion and because the defendant has since filed his initial § 2255 motion (Dk. 54), the court strictly construes the defendant's motion as seeking relief only under 18 U.S.C. § 3582(c).  "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir.), *cert. denied*, 522 U.S. 961 (1997).