IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

          Plaintiff/Respondent,

Vs.                                Nos.  06-4141-SAC
                                          03-40112-01SAC

ARTHUR WILLIAMS, JR.,

          Defendant/Petitioner.

MEMORANDUM AND ORDER

This case comes before the court on the defendant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Dk. 54) and on the government's motion to dismiss the defendant's § 2255 motion and to enforce the plea agreement (Dk. 56).  Relying on *United States v. Booker*, 543 U.S. 220 (2005), the defendant contends his counsel was ineffective at sentencing in not objecting to the firearm enhancement and in conceding the facts in support of the sentencing court's finding of drug quantity.  The government argues the defendant waived in the plea agreement his right to bring a collateral attack.

**Background**

On January 22, 2004, the defendant pleaded guilty to count

one–distribution of cocaine base–in exchange for the government's agreement to dismiss counts two and three.  As set forth in the plea agreement, the defendant agreed:

> that the conduct charged in any dismissed counts of the indictment is to be considered as well as all other uncharged related criminal activity as relevant conduct for purposes of calculating the offense level for Count 1, in accordance with United States Sentencing Guidelines (U.S.S.G.) § 1B1.3(a)(2).

(Dk. 23, p. 9).  The presentence report (PSR) recommended a guideline sentencing range of 70 to 87 months based on a total offense level of 25 (base offense level of 26 pursuant to U.S.S.G. § 2D1.1(c)(7) [between 5 and 20 grams of cocaine], a two-level enhancement for a firearm, and a three-level reduction for acceptance of responsibility) and a criminal history category of three.  The court filed an order denying the defendant's objections to the PSR (Dk. 28) and on April 27, 2004, sentenced the defendant to 70 months in prison.

    The defendant appealed his sentence arguing insufficient evidence for a firearm enhancement and the denial of his Sixth Amendment rights under *Booker* analysis.  The Tenth Circuit affirmed the sentence in a published decision, *United States v. Williams*, 431 F.3d 1234 (10th Cir. 2005), *cert. denied*, --- U.S. ----, 126 S. Ct. 1823 (2006).  In

relevant part, the Tenth Circuit found no constitutional *Booker* error as the defendant's sentence did not exceed the maximum sentence permitted by the facts admitted by defendant at the change of plea hearing and further found no non-constitutional *Booker* error requiring a remand. 431 F.3d at 1239-40.

The defendant next filed a motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on former amendments to the United States Sentencing Guidelines and on the Supreme Court's recent decision in *Booker*. The district court denied this motion finding that it did not have statutory jurisdiction to grant the requested relief and otherwise lacked any inherent authority to modify the sentence. (Dk. 57, pp. 3-4).

**Waiver**

The government moves to dismiss the defendant's § 2255 motion based on the following provision in the plea agreement:

> **9. Waiver of Appeal and Collateral Attack.** Defendant knowingly and voluntarily waives any right to any appeal or collateral attack on any matter in connection with this prosecution and sentence, except the defendant reserves the right to appeal the district court's calculation of his offense level under the Sentencing Guidelines. The defendant also waives any right to any challenge to his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255, except to the extent that such a § 2255 claim is deemed unwaivable under the holding of *United States v.*

3

> *Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001). However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal his sentence as authorized by Title 18, U.S.C. § 3742(a).

(Dk. 23, Plea Agr. ¶ 9). A court need not "hesitate to 'hold a defendant to the terms of a lawful plea agreement.'" *United States v. Sandoval*, 477 F.3d 1204, 1206 (10th Cir. 2007) (quoting *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998)). "[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001), *cert. denied*, 534 U.S. 1085 (2002). Exceptions to the general rule include "where the agreement was involuntary or unknowing, where the court relied on an impermissible factor such as race, or where the agreement is otherwise unlawful." *Id*. at 1182-83. Moreover, "a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver." *Id*. at 1187. All other ineffective assistance of counsel claims fall within the scope of a proper waiver. *Id*. at 1187. The Tenth Circuit has

4

looked to the following factors in deciding the enforceability of such waivers: (1) whether the issues in dispute come within the scope of the waiver; (2) whether the defendant knowingly and voluntarily waived his rights; and (3) whether enforcement of the waiver would result in a miscarriage of justice. *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004).

### Scope of Waiver

Applying basic contract principles in determining the scope of a waiver, a court will strictly construe the waiver and read any ambiguities against the government and in favor of the defendant. *Hahn*, 359 F.3d at 1324-25. The plea agreement plainly and clearly states that the defendant "waives any right to any challenge to his sentence or manner in which it was determined in any collateral attack, including, . . ., a motion brought under Title 28, U.S.C. § 2255, except to the extent that such a § 2255 claim is deemed unwaivable under" *Cockerham*. (Dk. 23, Plea Agr. ¶ 9). The defendant offers no interpretation to contradict the straightforward reading and application of this waiver here. The plea agreement waiver plainly encompasses all collateral challenges to, including any § 2255 motion attacking, the defendant's sentence and the manner in which it was

imposed.

The defendant summarily states that the sentencing court gave him "the right to make this challenge" citing the transcript of the sentencing hearing. (Dk. 58, p. 1). The sentencing transcript, however, establishes that the district court did not recognize or preserve any right for the defendant to file a § 2255 motion that was different from or contrary to the terms of the plea agreement. Instead, the sentencing court expressly said the defendant's appellate rights were "limited by any waiver" in the plea agreement. (Dk. 39, p. 19). Nothing in the plea agreement or in the court's comments at sentencing supports a contrary interpretation of the waiver or a finding that the waiver is ambiguous in any material respect.

The petitioner's only § 2255 issues address his counsel's ineffectiveness at sentencing in not objecting to the firearm enhancement and in conceding facts relevant to the drug quantity determination. These argued issues plainly fall within the scope of the plea agreement waiver and are not subject to the *Cockerham* exception for ineffective assistance of counsel claims challenging the validity of the plea or the waiver.

### Knowing and Voluntary Waiver

The defendant has the burden to demonstrate from the record

that his waiver was not knowing and voluntary. *United States v. Edgar*, 348 F.3d 867, 872-73 (10th Cir. 2003). The defendant does not argue his waiver was unknowing or involuntary and does not offer anything of record to sustain his burden. The plea agreement provides that the defendant "knowingly and voluntarily waives any right to any . . . collateral attack on any matter in connection with this prosecution and sentence." (Dk. 23, Plea Agr. ¶ 9). The court recalls nothing of the record to suggest that the defendant's plea or waiver was unknowing or involuntary. This factor favors enforcing the waiver.

## Miscarriage of Justice

The enforcement of a waiver provision results in a miscarriage of justice only when:

> 1) the district court relied on an impermissible factor such as race; 2) ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid; 3) the sentence exceeds the statutory maximum; or 4) the waiver is otherwise unlawful.

*United States v. Maldonado*, 410 F.3d 1231, 1233 (10th Cir.) (internal quotation marks omitted), *cert. denied*, — U.S —, 126 S. Ct. 577 (2005). The burden falls on the defendant to prove a miscarriage of justice. *United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004). The defendant does not argue any miscarriage of justice or contend any ground exists for

finding one. The sentence here did not exceed the statutory maximum, and the waiver is not otherwise unlawful. Knowing of nothing to suggest a miscarriage of justice and finding that the defendant's § 2255 motion comes within the scope of the defendant's knowing and voluntary waiver in the plea agreement, the court enforces the defendant's waiver of his right to a collateral attack upon his sentence or the manner in which it was determined.

IT IS THEREFORE ORDERED that the defendant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Dk. 54) is denied and that the government's motion to dismiss the defendant's § 2255 motion and to enforce the plea agreement (Dk. 56) is granted.

Dated this 14th day of May, 2007, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge