IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

Vs.                        Nos.  06-4141-SAC
                                    03-40112-01SAC

ARTHUR WILLIAMS, JR.,

        Defendant/Petitioner.

MEMORANDUM AND ORDER

The court entered its order and judgment on May 14, 2007, denying the defendant's motion for relief under 28 U.S.C. § 2255 and granting the government's motion to dismiss the defendant's § 2255 motion and to enforce the plea agreement. (Dk. 59). The defendant has not filed a notice of appeal, but he has filed a "Request and Application for Certificate of Appealability" (Dk. 60), a declaration (Dk. 61), and motion and declaration for leave to proceed in forma pauperis (Dk. 62).

An appellant has sixty days under Rule 4(a)(1)(B) to file a notice of appeal from the denial of a § 2255 motion. *United States v. Pinto*, 1 F.3d 1069, 1070 (10th Cir. 1993). Though the defendant has yet to file a formal notice of appeal, under *Smith v. Barry*, 502 U.S. 244, 248 (1992), the

timely filing of a pro se document that meets the notice requirements of Fed. R. App. P. 3(c) is the functional equivalent of a notice of appeal. In his application for a certificate of appealability, Mr. Williams includes all the information required by Rule 3(c), including the designation of the district court order being appealed. Thus, it appears to be the functional equivalent of a formal notice of appeal. *See Fleming v. Evans*, 481 F.3d 1249, 1253-54 (10th Cir. 2007); *United States v. Treto-Haro*, 287 F.3d 1000, 1002 n.1 (10th Cir. 2003). Mr. Williams certifies under penalty of perjury pursuant to 28 U.S.C. § 1746 that he deposited his application for certificate of appealability on July 13, 2007, in the legal mail system of his institution. The court treats the Williams' request for a certificate of appealability as a timely filed notice of appeal. *See* Fed. R. App. P. 4(c)(1).

An appeal from a final order in a proceeding under 28 U.S.C. § 2255 may not be taken unless a judge or circuit judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). The certificate issues "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, the petitioner must demonstrate that "reasonable jurists could debate whether

. . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation and quotation marks omitted). A determination whether to issue a certificate entails a review of the § 2255 claims and a preliminary and general evaluation of their merits. *United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005), *cert. denied*, 126 S. Ct. 2318 (2006). "'This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims'" and, "'[i]n fact, the statute forbids it.'" *Id.* (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)). This preliminary evaluation, however, entails a consideration of the applicable legal framework. *Miller-El*, 537 U.S. at 338. The movant must "prove something more than the absence of frivolity or the existence of mere good faith," and this proof must be that a reasonable jurist would find the appealed order to be at least debatable even if the petitioner will not prevail on appeal. *Id.*

   The defendant pleaded guilty to one count of distribution of cocaine base pursuant to a plea agreement in which he acknowledged that the court would consider his conduct in the dismissed counts and other related criminal activity as relevant conduct under the United States

Sentencing Guidelines. The court sentenced the defendant to the bottom of the guideline sentencing range recommended in the presentence report. The defendant appealed his sentence arguing insufficient evidence for a firearm enhancement and the denial of his Sixth Amendment rights under *Booker* analysis. In a published decision, the Tenth Circuit applied *Booker* and affirmed the sentence finding no constitutional error nor the need for resentencing due to the non-constitutional error. *United States v. Williams*, 431 F.3d 1234, 1239-40 (10th Cir. 2005), *cert. denied*, 547 U.S. 1091 (2006). The defendant then asked the sentencing court to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on former amendments to the United States Sentencing Guidelines and on the Supreme Court's recent decision in *Booker*. The district court decided it lacked statutory jurisdiction to grant the request and further lacked any inherent authority to modify the sentence. (Dk. 57, pp. 3-4). The defendant followed this unsuccessful proceeding with his § 2255 motion which the court denied by granting the government's motion to dismiss and enforcing the defendant's waiver in the plea agreement of his right to a collateral attack upon his sentence. (Dk. 59).

In his § 2255 motion before this court, the defendant failed to

prove that his waiver of collateral attack rights was not knowing or voluntary. He offered nothing in arguments, proffers, or record citations on this issue. Nor did he prove or argue any other exception recognized in *United States v. Cockerham*, 237 F.3d 1179, 1182-83 (10th Cir.), *cert. denied*, 534 U.S. 1085 (2002). In his motion for a certificate for appealability and accompanying declaration, the defendant contends for the first time that his trial counsel "lied and misled" him into believing he could appeal his sentence. The general rule is that arguments presented for the first time on appeal are not addressed. *See United States v. Mora*, 293 F.3d 1213, 1216 (10th Cir.), *cert. denied*, 537 U.S. 961 (2002).

The court does not understand what the defendant is asserting as his trial counsel's misrepresentation about his right to appeal his sentence. The very terms of the plea agreement preserved the defendant's right to appeal the calculation of his offense level under the guidelines, and the defendant directly appealed his sentence and lost. The defendant argued *Booker* on appeal, and the Tenth Circuit affirmed the sentence.

While the defendant now mentions he had originally opposed waiving any rights to appeal his sentence or to bring a collateral attack, he

does not assert any misrepresentation or other circumstance creating a debatable proposition over whether the defendant's plea or waiver was knowing and voluntary. The defendant has not come forward with a colorable claim in the § 2255 proceeding or now that his counsel was ineffective in the negotiation of the plea agreement as to vitiate the waiver. The court denies the defendant's application for a certificate of appealability.

IT IS THEREFORE ORDERED that the defendant's request for certificate of appealability (Dk. 60) is first treated as a timely filed notice of appeal, but that the defendant's request for a certificate is denied.

Dated this 16th day of August, 2007, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge