IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

           Plaintiff,

Vs.                                    No. 03-40112-01-SAC

ARTHUR WILLIAMS, JR.,

           Defendant.

MEMORANDUM AND ORDER

This case comes before the court on the defendant's motion for habeas corpus on supervised release. (Dk. 76). The defendant asks the court to vacate the three-year term of supervised release imposed as part of his sentence or to determine that it runs concurrently with his term of incarceration. The defendant argues that a sentence of supervised release is either a sentencing enhancement or a separate proceeding that triggers his Fifth and Sixth Amendments, that must be brought upon original charges, and that would result in double jeopardy in being a second punishment upon a second trial for the same offense. As the court plainly lacks the jurisdiction to address the defendant's motion, this order is filed without waiting for the government's response.

**BACKGROUND**

The defendant pleaded guilty to one count of distributing cocaine base and was sentenced to 70 months of incarceration and a three-year term of supervised release. The defendant's conviction and sentence were affirmed on appeal. *United States v. Williams*, 431 F.3d 1234 (10th Cir. 2005), *cert. denied*, U.S. (2006). The court then denied the defendant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 and granted the government's motion to dismiss the defendant's § 2255 motion and to enforce the plea agreement. (Dk. 59). The district court denied the defendant's application for a certificate of appealability (Dk. 63), and the Tenth Circuit denied the defendant's request for a certificate and dismissed the appeal (Dk. 77). The court recently granted the defendant's motion for relief under 18 U.S.C. § 3582(c) based on the retroactive amendments to the cocaine base guidelines, and the defendant's sentence of incarceration was reduced to 57 months. (Dk. 74).

**ANALYSIS**

The defendant does not cite the statutory basis for his motion. In moving for the relief of habeas corpus, the defendant presumably is relying on 28 U.S.C. § 2241. This statute, however, is not the proper

means for the defendant to challenge the validity of his sentence in including a term of supervisory release that commences upon his release from imprisonment. A § 2241 petition is "for attacking the execution of a sentence," *Yellowbear v. Wyoming Atty. Gen.*, 525 F.3d 921, 924 (10th Cir. 2008) (citation omitted), "rather than its validity," *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). "A 28 U.S.C. § 2255 petition attacks the legality of detention, and must be filed in the district that imposed the sentence." *Id.* (citations omitted); *see Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000). "'The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255.'" *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (quoting *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963), *cert. denied*, 377 U.S. 980 (1964)). That the successive-motion bar may prevent the defendant from successfully pursuing his § 2255 motion "does not establish that the remedy provided in § 2255 is inadequate or ineffective." *Id.* (citations omitted).

In challenging that his term of supervised release is an illegal and unconstitutional sentence, the defendant attacks the validity of his sentence. He may mount this attack only under 28 U.S.C. § 2255. *See,*

*e.g.*, *Palacio v. Stansberry*, 227 Fed. Appx. 207, 2007 WL 1036778 (4th Cir. 2007); *Braun v. Stole*, 15 Fed. Appx. 610, 2001 WL 740614 (10th Cir. 2001); *Bell v. Zenk*, 2007 WL 4191922 (E.D.N.C. Apr. 26, 2007).  The court, therefore, must construe the defendant's motion to be brought under 28 U.S.C. § 2255.  *See United States v. Nelson*, 465 F.3d 1145, 1148-49 (10th Cir. 2006).  This is not the first § 2255 motion filed by the defendant.  Under 28 U.S.C. § 2244, a prisoner may not file a successive motion under § 2255 without first obtaining permission from the court of appeals. See *Daniels v. United States*, 254 F.3d 1180, 1188 (10th Cir. 2001).  A movant cannot evade the procedural restraints on successive § 2255 petitions "by simply styling a petition under a different name."  *United States v. Torres*, 282 F.3d 1241, 1246 (10th Cir. 2002) (citations omitted). Therefore, this court is without jurisdiction to decide the relief requested in the defendant's motion.  *See United States v. Avila-Avila*, 132 F.3d 1347, 1348-49 (10th Cir. 1997).

IT IS THEREFORE ORDERED that the defendant's motion for habeas corpus on supervised release (Dk. 76) is an unauthorized second or successive § 2255 motion that must be transferred to the Tenth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

IT IS FURTHER ORDERED that the Clerk of the Court shall forward a copy of the defendant's motion (Dk. 76) to the Clerk of the Tenth Circuit Court of Appeals for processing under 28 U.S.C. § 2244(b)(3). The Clerk also shall send a copy of this Memorandum and Order to the defendant and the local office of the United States Attorney.

Dated this 26th day of June, 2008, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge